# State of Tennessee
## In the Circuit Court of Bradley County

**Plaintiff**

Bruce Randall McBryar

No. V-18-633

**Defendants**

Wacker Chemical Corporation, and
Wacker Polysilicon North America, LLC

## SUMMONS

TO:
Defendant
Wacker Polysilicon North America, LLC

SERVE: Brian Eftink, Registered Agent
553 McBryant Rd. NW
Charleston, TN 37340-6639

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Bradley County, in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court of Bradley County, on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this 21 day of November, 2018

| Circuit Court of Bradley County<br>2250 Blythe Avenue, SE<br>Cleveland, TN 37311 | Gayla Miller, Circuit Court Clerk<br><br>By _____<br>Deputy Circuit Court Clerk |
|---|---|

Attorneys for Plaintiff    Massey & Associates, PC
    6400 Lee Highway, Suite 101
    Chattanooga TN 37421

Plaintiff's Address    Care of Attorney

Received this _____ day of _____, 20____

/S/ _____
Deputy Sheriff

**EXHIBIT A**

Case 1:18-cv-00307-CHS   Document 1-1   Filed 12/14/18   Page 1 of 9   PageID #: 6

# State of Tennessee,
## County of Bradley

I, _____, Clerk of the Circuit Court, in and for the State and County aforesaid, herby certify that the within and foregoing is a true and correct copy of the original writ of summons issues in this case.

Gayla Miller, Circuit Court Clerk

By:_____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☑ On, __12-11__, 20__18__, I delivered a copy of the summons and complaint to the defendant,

_PERSonal Sn    X Kayla Walker_

☐ Failed to serve this summons within 90 days after issuance because:

_____

**Steve Lawson, County Sheriff**

_DpKATATIn_
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____

day of _____, 20_____.

_____
Defendant

Gayla Miller, Circuit Court Clerk
By:_____ D.C

### Notice to Defendant(s)

Tennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel; family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# State of Tennessee
## In the Circuit Court of Bradley County

**Plaintiff**
Bruce Randall McBryar

No. V-18-633

**Defendants**

Wacker Chemical Corporation, and
Wacker Polysilicon North America, LLC

# SUMMONS

TO:
Defendant
Wacker Chemical Corporation

SERVE: Brian Eftink, Registered Agent
553 Wacker Blvd.
Charleston, TN 37310-2500

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Bradley County, in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court of Bradley County, on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this 21 day of November, 20 18

| Circuit Court of Bradley County<br>2250 Blythe Avenue, SE<br>Cleveland, TN 37311 | Gayla Miller, Circuit Court Clerk<br><br>By _____<br>Deputy Circuit Court Clerk |
|---|---|

Attorneys for Plaintiff    Massey & Associates, PC
6400 Lee Highway, Suite 101
Chattanooga TN 37421

Plaintiff's Address    Care of Attorney

Received this _____ day of _____, 20____

/S/ _____
Deputy Sheriff

# State of Tennessee,
## County of Bradley

I, _____, Clerk of the Circuit Court, in and for the State and County aforesaid, herby certify that the within and foregoing is a true and correct copy of the original writ of summons issues in this case.

Gayla Miller, Circuit Court Clerk

By:_____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☑ On, _12-11_, 20 _18_, I delivered a copy of the summons and complaint to the defendant,

___PERSONAL SV___ X_Kayla Walker_____

☐ Failed to serve this summons within 90 days after issuance because:

_____

Steve Lawson, County Sheriff

___D. Patterson____
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____

day of _____, 20_____.

_____
Defendant

Gayla Miller, Circuit Court Clerk
By:_____ D.C

### Notice to Defendant(s)

Tennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel; family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

Bruce Randall McBryar,

    Plaintiff,

vs

Wacker Chemical Corporation, and
Wacker Polysilicon North America, LLC,

    Defendants.

DocketNo. V.18.633

Division:

JURY DEMANDED

## COMPLAINT

Bruce Randall McBryar hereby sues defendants Wacker Chemical Corporation and Wacker Polysilicon North America, LLC. Pursuant to Rule 8.01 of the Tennessee Rules of Civil Procedure, Mr. McBryar describes his claims as follows:

### PARTIES

1. Bruce Randall McBryar is an adult who resides in Catoosa County, GA.

2. Defendant Wacker Chemical Corporation is a business entity that was formed in Delaware and that maintains its principal place of business in Michigan. This Defendant may be served through its registered agent, Brian Eftink, at 553 Wacker Blvd., Charleston, TN 37310-2500.

3. Defendant Wacker Polysilicon North America, LLC is a business entity that was formed in Tennessee. This Defendant may be served through its registered agent, Brian Eftink, at 553 McBryant Rd. NW, Charleston, TN 37340-6639.

## JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in the Circuit Court of Bradley County, Tennessee, because a substantial part of the events or omissions giving rise to the claims in this case occurred in Bradley County, Tennessee.

## BACKGROUND

5. Upon information and belief, Defendants own, operate, and maintain the Wacker chemical plant located at 553 Wacker Blvd. NW, Charleston, Bradley County, TN 37310.

6. On August 30, 2017, there was a chemical release at the Charleston Wacker chemical plant.

7. On September 7, 2017, there was an explosion at the Charleston Wacker chemical plant, which also caused a chemical release.

8. Upon information and belief, the explosion and chemical release were the result of Wacker's failure to conduct necessary inspections.

9. Upon information and belief, the explosion and chemical release were the result of Wacker's failure to ensure that materials, parts, and equipment were suitable for what they were being used for.

10. Upon information and belief, the explosion and chemical release were the result of Wacker's failure to develop and implement safe work practices to provide for the control of hazards during operations.

11. The explosion at the Charleston Wacker facility resulted in damaged piping.

12. Wacker entered into a contract with Viking Industrial, Inc., for Viking Industrial to demolish and then later replace the piping that was damaged during the explosion.

13. Before Viking workers began working on the demolition of a section of piping, Wacker employees would purge the pipe lines of the chemicals.

2

14. After purging the pipe lines of the chemicals, Wacker employees would represent to Viking employees that the lines were purged and safe for demolition. Thereafter, Viking employees would begin demolishing that section of piping.

15. On several occasions, Viking employees discovered that the pipelines had not been fully purged. While cutting into the pipe lines, the chemicals would leak out, which caused a small explosion and gas cloud.

16. Upon information and belief, Wacker allowed the chemicals to escape into the atmosphere of the facility. Workers could smell the chemicals in the air. The chemicals would cause workers to cough.

17. Plaintiff, Bruce Randall McBryar, was employed by Viking Industrial to assist with the demolition and replacement of the piping at the Wacker chemical plant.

18. On multiple occasions, Mr. McBryar was present when chemicals leaked/exploded out of the unpurged pipelines.

19. The chemicals got on Mr. McBryar's coat, his glasses, and his skin.

20. Mr. McBryar entered the clouds of chemicals created by the leak to assist other workers who were nearer to the explosions.

21. Mr. McBryar frequently smelled the chemicals in the atmosphere surrounding the facility.

22. Mr. McBryar suffered injuries as a result of his exposures to the chemicals including, but not limited to, injuries to his lungs.

23. At all times, Mr. McBryar conducted himself in a safe and prudent manner.

## NEGLIGENCE

24. Mr. McBryar alleges that Defendants are guilty of negligence.

25. A chemical plant has a duty to take reasonable steps to protect workers from safety hazards that the plant knows or has reason to know about.

3

26. A chemical plant has a duty to perform reasonably frequent inspections concerning its facilities.

27. A chemical plant has a duty to use materials, parts, and equipment that are suitable for their intended purpose.

28. A chemical plant has a duty to warn employees of safety hazards that it knows about or has reason to know about.

29. A chemical plant has a duty to develop and implement practices and procedures that provide for the control of hazards during operations.

30. A chemical plant has a duty to ensure that chemicals are purged from all pipelines before authorizing those pipelines to be worked on.

31. A chemical plant has a duty to contain dangerous chemicals from leaking into the atmosphere.

32. Defendants breached one or multiple of the above duties. This breach constituted negligence.

33. Defendants' negligence caused Mr. McBryar to suffer injuries.

34. Mr. McBryar shared no fault in causing his injuries.

35. As a direct and proximate result of the carelessness, recklessness and negligence of Defendants, Mr. McBryar suffered severe bodily injuries to his lungs.

36. Generally, Mr. McBryar has suffered the following harms and losses:

    (a) Lost wages and loss of earning capacity, past and future;

    (b) Medical expenses, past and future;

    (c) Pain and suffering, past and future;

    (d) Emotional distress and mental anguish, past and future;

    (e) Loss of enjoyment of life, past and future; and

    (f) Permanent injury.

37. The negligence of Defendants caused 100% of Mr. McBryar's harms, losses, injuries, and damages.

38. The types of harms and losses sustained by Mr. McBryar were the foreseeable and natural result of Defendants' failure to maintain its chemical plant in a safe manner.

39. Mr. McBryar seeks fair, just and reasonable compensation from Defendants in the amount of $2,500,000.00.

WHEREFORE, Mr. McBryar demands a judgment against the Defendants in the total amount of $2,500,000.00 and DEMANDS A JURY to try the issues when joined.

Respectfully Submitted,

**MASSEY & ASSOCIATES, PC**

By: _____
Joshua Ward, BPR: 031329
6400 Lee Highway, Suite 101
Chattanooga TN 37421
Phone: (423) 697-4529
Fax: (423) 634-8886
*Attorney for Plaintiff*